9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel YACHDAV, Defendant-Appellant.
 No. 92-10583.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Israel Yachdav appeals his conviction following jury trial for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Yachdav contends the district court abused its discretion by excluding expert testimony concerning his psychological susceptibility to inducement and, in effect, depriving him of his ability to raise an entrapment defense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's exclusion of expert testimony on a defendant's unusual susceptibility to inducement. United States v. Lord, 711 F.2d 887, 892 (9th Cir.1983).
 
 
 4
 The Federal Rules of Evidence permit the testimony of an expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Such evidence may be excluded, however, if its probative value is "substantially outweighed by the danger of ... confusion of the jury, ... or by considerations of undue delay." Fed.R.Evid. 403; accord, United States v. Benveniste, 564 F.2d 335, 339 (9th Cir.1977).
 
 
 5
 Here, Yachdav's defense rested on his assertion that Bruce Orton, an old friend with whom Yachdav admittedly engaged in the sale of cocaine in 1982-85, induced him to sell cocaine in 1991 after he had abstained from criminal activity for a long period. Eight character witnesses testified on Yachdav's behalf concerning his abnormal need to please and tendency to be influenced by the demands of others. The government, however, presented evidence suggesting that Yachdav initiated the contact with Orton in 1991 and asked him to sell cocaine again and that Orton then contacted the Drug Enforcement Agency and offered to act as an informant.
 
 
 6
 To prove inducement, Yachdav proffered the testimony of his expert, Dr. Schoenfeld, who concluded that Yachdav suffered from "dependent personality disorder" and therefore was unusually susceptible to pressure from other people. At an evidentiary hearing to consider the government's motion in limine to exclude the testimony, the district court qualified Dr. Schoenfeld as an expert but found that his diagnosis was based upon weak evidence and was not probative to the main issue of credibility, whether Yachdav or Orton initiated the idea of the drug sale. Further, when excluding the testimony, the district court also noted that consideration of the testimony would be time-consuming and confusing for the jury in light of the government's experts' testimony contradicting Dr. Schoenfeld's conclusions.
 
 
 7
 Based upon our review of the record, we conclude that the district court did not abuse its discretion by excluding Dr. Schoenfeld's testimony. See Lord, 711 F.2d at 892 (no abuse of discretion to exclude psychiatric testimony that defendant's illnesses, unemployment, and experiences in Vietnam made him unusually susceptible to inducement). The district court considered the testimony but properly concluded that it was not sufficiently probative and would be time-consuming and confusing for the jury. See Benveniste, 564 F.2d at 339 (no abuse of discretion in exclusion of expert testimony on psychological susceptibility to inducement and lack of predisposition where district court determined it would tend to confuse jury and not very probative). Moreover, Yachdav was permitted to present evidence of his susceptibility to inducement through examination of his character witnesses and his own testimony and, therefore, was not denied his ability to present a defense. See United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir.1991) (no constitutional error where defendant permitted to present other evidence critical to his defense).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3